AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JOHN KEVIN LAPINSKI JR. | )<br>)<br>) Case No. 24-mj-6521-AOV<br>)<br>)<br>) |
| Defendant(s) | |

FILED BY ___AT___ D.C.
Nov 2, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 1, 2024__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 922(g)(1) and (g)(8) | Possession of a firearm by a convicted felon and possession of a firearm by a person who is subject of a court order tthat restrains such person from harassing, stalking, or threatening an intimate partner |
| Title 26, United States Code, Section 5681(d) | Possessing a firearm, that is, a silencer/suppressor, that was not registered in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d) |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

ATF SA Jonathan Goff
Printed name and title

Attested to by the applicant by FaceTime in accordance with the requirements of Fed. R. Crim. 4.1

Date: __November 2, 2024__

City and state: __Fort Lauderdale, Florida__

_____
Judge's signature

HON. ALICIA O. VALLE, US Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jonathan Goff, being duly sworn, depose and state that:

### INTRODUCTION & AGENT BACKGROUND

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since May 2020. I am currently a member of the South Florida High Intensity Drug Trafficking Area (HIDTA) Task Force. In connection with my official duties and as defined by 18 U.S.C. § 2510(7), I am "an investigative or law enforcement officer of the United States" empowered by law to enforce violations of federal criminal laws, including but not limited to offenses involving firearms, narcotics, and firearms trafficking. I have approximately 7 years of law enforcement training and experience. I earned a Bachelor of Science in Criminal Justice from Sam Houston State University in 2017 and a Master of Public Administration from the University of Texas at Arlington in 2022. I began my law enforcement career in 2017 as a State Trooper with the Texas Department of Public Safety. I was hired by the ATF as a Special Agent in May 2020. I attended and completed the Federal Law Enforcement Training Center's Criminal Investigator Training Program (CITP) in 2020 and the ATF Special Agent Basic Training (SABT) in 2021. During my law enforcement career, I have investigated violent crimes, narcotics trafficking, and firearms offenses.

2. As a result of my training and experience as an ATF Special Agent (SA), I am familiar with Federal criminal laws and know that it is a violation of:

   a. **Title 18, USC, §922g(1),** for anyone who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess a firearm;
   b. **Title 18, USC, §922g(8),** a person who is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person to possess a firearm

    c. **Title 26, USC, § 5861,** for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record, or to make a firearm in violation of the provisions of this chapter.

3. Based on the facts set forth in this affidavit, I respectfully submit there is probable cause to believe that **JOHN KEVIN LAPINSKI JR.** (hereinafter "**LAPINSKI**") committed violations of **Title 18, United States Code §922g(1), Title 18, United States Code §922g(8), Title 26, United States Code, §5861.**

4. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other federal, state and local law enforcement officers.

5. Since this affidavit is submitted only for the limited purpose of securing a criminal complaint, I have not set forth each and every known to me concerning this investigation. I have included what I believe are facts sufficient in establishing probable cause for the complaint sought.

## FACTS IN SUPPORT OF PROBABLE CAUSE

6. On October 31, 2024, at approximately 0630 hours, Margate Police Department received a call for shots fired in the area of 6935 NW 9th Ct. Upon arrival, officers identified that the shots came from the residence located at 6900 NW 10th Ct.

7. Officers then responded to 6900 NW 10th Ct where they observed an open door on the west side of the residence. Shortly thereafter, officers knocked on the door and made contact with a white female, later identified as Jenna Lapinski, who stated that only her and her brother, John **LAPINSKI**, were in the residence. Upon speaking with Ms. Lapinski, officers understood **LAPINSKI** to be the shooter. After interviewing **LAPINSKI**, officers determined that it was

necessary to involuntarily admit **LAPINSKI** to a hospital on a temporary basis to evaluate for assessment of a possible mental illness under the Baker Act.

8. Once **LAPINSKI** was in custody, officers completed a safety check on the interior of the residence to make sure there were no injured victims within the home. While conducting the interior safety check, officers observed numerous things which indicated the suspected presence of firearms to include spent shell casings on the ground.

9. An NCIC check revealed **LAPINSKI** had an active restraining order against him for domestic violence which was a "non-expiring" injunction from a 2017 case in Broward County, Florida. The judgment issued in the aforementioned case listed that possession of firearms and ammunition were prohibited by the defendant. It was further discovered that the defendant has two (2) felony convictions for Resisting Officer with Violence and Criminal Mischief from a 2005 Lake County case. In the judgment for the 2005 case, **LAPINSKI** was adjudicated guilty for the aforementioned charges and ordered by a Judge that he may not possess firearms or ammunition.

10. Based on Margate Police Department's investigation, they found probable cause to apply for a state search warrant. Margate Police Department was granted a residential search warrant to search the residence at 6900 NW 10th Ct and located firearms, ammunition, and firearm parts and accessories in the bedroom and closet/safe where **LAPINSKI** resided. These firearms included silencers/suppressors, a Glock pistol with extended magazine, a Black Aces Tactical Shotgun, a Remington Shotgun, and a Palmetto State Armory Rifle with high powered scope.

11. The silencers were "homemade" with one consisting of a threaded oil filter with what appeared to be a bullet hole on the end and two "solvent trap" suppressors.

12. On November 1, 2024, the silencers were examined in person by Nexus Firearms Expert ATF SA Mark Finnamore who determined they met the criteria and characteristics of silencers/suppressors. SA Finnemore also noted that one of the silencers had markings and residue indicating that it had been fired through. Silencers are required by federal law to be registered with the National Firearms Registration and Transfer Record (NFTR). A record's check revealed that **LAPINSKI** has no registered firearms with the National Firearms Registration and Transfer Record (NFTR).

13. ATF SA Mark Finnamore also confirmed that several of the firearms recovered, including the Glock pistol, Remington Shotgun, Palmetto State Armory Rifle, were manufactured outside the state of Florida.

## CONCLUSION

14. Based on the foregoing information and probable cause, I respectfully request that the Court issue a Criminal Complaint and Arrest Warrant for **JOHN LAPINSKI JR.** for violating **Title 18, U.S.C, §922g(1)**, for unlawful possession of a firearm by a convicted felon; **Title 18, U.S.C, §922g(8)**, for unlawful possession of a firearm by a person who is subject of a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such

person; and **Title 26, U.S.C. § 5861** by unlawfully possessing a firearm which is not registered to him in the National Firearms Registration and Transfer Record, or to make a firearm in violation of the provisions of this chapter.

_____
Jonathan Goff
Special Agent, ATF

Sworn to and subscribed before me by FaceTime in accordance with the requirements of Fed. R. Crim. 4.1 this 2nd of November 2024

_____
HON. ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE