UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MJ-6521-AOV

UNITED STATES OF AMERICA

vs.

JOHN KEVIN LAPINSKI JR.,

                Defendant.
_____/

## FACTAUL PROFFER IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through the undersigned Assistant United States Attorney, hereby proffers the following facts in support of pre-trial detention, and states as follows:

On October 31, 2024, at approximately 0630 hours, the Margate Police Department received a call for shots fired in the area of 6935 NW 9th Ct. Upon anival, officers identified that the shots had come from the residence located at 6900 NW 10th Ct. Officers then responded to 6900 NW 10th Ct. where they observed an open door on the west side of the residence. Shortly thereafter, officers knocked on the door and made contact with a white female, later identified as Jenna Lapinski, who stated that only her and her brother, John **LAPINSKI,** were in the residence. Upon speaking with Ms. Lapinski, officers understood **LAPINSKI** to be the shooter. After interviewing **LAPINSKI,** officers determined that it was necessary to involuntarily admit **LAPINSKI** to a hospital on a temporary basis to evaluate for assessment of a possible mental illness under the Baker Act.

Once **LAPINSKI** was in custody, officers completed a safety check on the interior of the residence to make sure there were no injured victims within the home. While conducting the interior safety check, officers observed numerous things which indicated the suspected presence

of firearms, including spent shell casings located on the ground and a man-made target comprised of an orange weighted bucket with a vertical wooden plank affixed to the bucket, and the target was attached to the wooden plank.  An NCIC check revealed **LAPINSKI** had an active restraining order against him for domestic violence which was a "non-expiring" injunction from a 2017 case in Broward County, Florida. The judgment issued in the aforementioned case listed that possession of firearms and ammunition were prohibited by the defendant. It was further discovered that the defendant had two (2) felony convictions for Resisting Officer with Violence and Criminal Mischief from a 2005 Lake County, Florida case. In the judgment for the 2005 case, **LAPINSKI** was adjudicated guilty for the aforementioned charges and ordered by a Judge that he could not possess firearms or ammunition.

Thereafter, the Margate Police Department sought and received a search warrant to search **LAPINSKI'S** residence at 6900 NW 10th Ct. and located numerous firearms, ammunition, and firearm parts and accessories including silencers/suppressors, in the bedroom and closet/safe where **LAPINSKI** resided, including the following:

| ITEM # | DESCRIPTION |
|---|---|
| 1 | Glock Extended 9mm Magazine |
| 2 | 31 Hornaday 9mm Luger Rounds |
| 3 | Misc. Paperwork with Misc. Suspicious Documents |
| 4 | Black Clipboard w/Misc. Suspicious Documents |
| 5 | Black Rifle Bag |
| 6 | Black Aces Tactical Gun Case |
| 7 | (1) 10mm Hornady Casing |
| 8 | L2D Combat Stainless Steel 9mm Barrel |
| 9 | (3) Boxes of 9mm Rounds |
| 10 | (2) S&W 9mm Magazines, (1) 7 rounds, Mag (2) 8 rounds |
| 11 | Safariland Magazine Holster |
| 12 | Black Cabela's Rifle Bag |
| 13 | (2) Gun Belts |
| 14 | Container of Misc. Casings |
| 15 | (2) Magazine Covers |
| 16 | (1) 9mm Luger Round |
| 17 | (6) Plastic Crates with Misc. Ammo and Firearm Parts |
| 18 | (1) L2D Combat Stainless Steel 9mm Barrel, (1) Reduce Recoil Guide Rod |
| 19 | FRAM Oil Filter, Suspect Silencer |
| 20 | ProMag 12 Guage Drum |
| 21 | (2) 5D Rifle Lower Receivers, (1) 5D Router Jig |
| 22 | (5) Rifle Lower Receivers |
| 23 | (1) Polymer80 Handgun Lower |
| 24 | (8) Polymer80 Handgun Lowers, (2) Empty |
| 25 | (1) Wilson Combat Bag, (1) BCM Barrel S/N: 8904691 |
| 26 | (1) Gray Plate Carrier w/Plates |
| 27 | (1) 224 Valk Barrel, NO S/N Observed |

| ITEM # | DESCRIPTION |
|---|---|
| 28 | (2) Black Silencers |
| 29 | (2) 5.56 Drums, (2) 9mm Extended Mags, (4) Shotgun Mags (1) Extended, with Misc, Ammunition |
| 30 | (4) Boxes of Misc. Ammo and Shotgun Shells |
| 31 | (1) EOTech Optic, (1) Creative XP Night Vision |
| 32 | Ghillie Suit |
| 33 | (1) Black Aces Tactical FD12 Shotgun, S/N: 21BLP32170 with (1) 12 Guage Shell |
| 34 | (1) Remington 1148 Shotgun S/N: 5546529 |
| 35 | (1) Browning Sweet 16, S/N: 74314 |
| 36 | (1) Orange Bucket with (1) Target Board |
| 37 | (1) Racially Charge Drawing/Target |
| 38 | (1) Palmetto State Armory Liberty 15 Rifle S/N: ORDEATH7545, with high powered scope, laser, bi-pod, case catch |
| 39 | (1) Polymer80 Lower with Rock Slide USA slide, Holster and loaded magazine, 9mm |
| 40 | (1) Plymer80 10mm Handgun with loaded Glock magazine |
| 41 | (1) Black Bin |
| 42 | Box of EG18X Smoke Grenades |

3

Additionally, the silencers were "homemade" with one consisting of a threaded oil filter with what appeared to be a bullet hole on the end and two "solvent trap" suppressors. On November 1, 2024, the silencers were examined in person by a Nexus Firearms Expert who determined that they met the criteria and characteristics of silencers/suppressors. The examination also noted that one of the silencers had markings and residue indicating that it had been fired through. Silencers are required by federal law to be registered with the National Firearms Registration and Transfer Record (NFTR). A record's check revealed that **LAPINSKI** has no registered firearms with the National Firearms Registration and Transfer Record (NFTR). The expert also confirmed that several of the firearms recovered, including the Glock pistol, Remington Shotgun, and Palmetto State Armory Rifle, were manufactured outside the State of Florida.

In addition to the multiple firearms, ammunition (approximately 3000 rounds), firearm accessories, body armor, smoke grenades, and spent shell casings located and seized, Detectives also located and seized a black laptop bag which was located on the defendant's bed. Inside the bag was a clipboard capable of holding documents, a laptop computer, charging cord, and folded papers. A search of the clipboard resulted in the finding of drawings that consisted of local schools, parks and other areas in the Margate/Broward county area that contained racially derogatory names such as "Operation: Boynigger," "Operation: Coral Sprinigger High School," "Operation: James Brownigger," and "Operation: Nig Lauderdale Attack 2." Also found in the clipboard was a "targets" list that included list items such as bar mitzvah halls, FF (firefighters) park Margate, Everglades synagogue, Riverside soccer field, a Jewish sub shop, a Jewish United States Representative named Jared Moskowitz, a Jewish cemetery, other unknown Facebook targets, and an entry to "stalk Jewish parks." Next to the target entries was a column labeled "Tools" and

"Requirements." In addition to the racially motivated writings, a recording device disguised as a ballpoint pen was found within the bag.

Finally, multiple computers, external storage devices, and cellular telephones were also seized pursuant to a search warrant, the forensic results of which are currently pending.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ Marc S. Anton_____
Marc Anton
Assistant United States Attorney
500 East Broward Blvd, 7th Floor
Fort Lauderdale, Florida 33394
Tel: (954) 660-5096
Fla. Bar # 0148369
Marc.anton@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Marc S. Anton_____
Marc Anton
Assistant United States Attorney