UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60224-SMITH

UNITED STATES OF AMERICA

vs.

JOHN KEVIN LAPINSKI JR.,

                Defendant.
_____/

## FACTUAL PROFFER

Had the United States proceeded to trial, the government would have proven beyond a reasonable doubt that on or about October 31, 2024, in Broward County, in the Southern District of Florida, the defendant, **JOHN KEVIN LAPINSKI, JR.,** did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1). Moreover, on or about October 31, 2024, in Broward County, in the Southern District of Florida, the defendant, **JOHN KEVIN LAPINSKI, JR.,** knowing he was subject to a court order issued on March 30, 2017 in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida under case number DVCE 17-2094, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, and threatening an intimate partner, that by its terms explicitly prohibited the use, attempted use and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, did knowingly possess in and affecting interstate commerce, a firearm and ammunition, said firearm and ammunition having been shipped and transported in interstate commerce; in violation of Title

1

18, United States Code, Section 922(g)(8). Additionally, on or about October 31, 2024, in Broward County, in the Southern District of Florida, the defendant, **JOHN KEVIN LAPINSKI, JR.,** did knowingly receive and possess a firearm, that is, a silencer/suppressor, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871. Finally, on or about October 31, 2024, in Broward County, in the Southern District of Florida, the defendant, **JOHN KEVIN LAPINSKI, JR.,** having previously been convicted of a crime of violence, did knowingly possess body armor, in violation of Title 18, United States Code, Section 931(a)(1).

Specifically, in the instant case, on October 31, 2024, at approximately 0630 hours, the Margate Police Department received a call for shots fired in the area of 6935 NW 9th Ct., Margate, Florida. Upon arrival, officers identified that the shots had come from the residence located at 6900 NW 10th Ct. Officers then responded to 6900 NW 10th Ct. where they observed an open door on the west side of the residence. Shortly thereafter, officers knocked on the door and made contact with a white female, later identified as an individual bearing the initials "J.L.," who stated that only her and her brother, John **LAPINSKI,** were in the residence. After speaking with "J.L.," officers determined **LAPINSKI** to be the shooter and **LAPINSKI** was taken into custody.

Once **LAPINSKI** was in custody, officers completed a safety check on the interior of the residence to make sure there were no injured victims within the home. While conducting the interior safety check, officers observed numerous things which indicated the suspected presence of firearms, including spent shell casings located on the ground and a man-made target comprised of an orange weighted bucket with a vertical wooden plank affixed to the bucket, and a target with visible bullet holes was attached to the wooden plank. An NCIC check and later confirmation revealed that **LAPINSKI** had an active restraining order against him for domestic violence and

was subject to a court order issued on March 30, 2017 in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida under case number DVCE 17-2094. The judgment issued in the aforementioned case listed that possession of firearms and ammunition were prohibited by the defendant. It was further discovered and confirmed that the defendant had two (2) felony convictions, one for Resisting an Officer with Violence and one for Felony Criminal Mischief from a 2005 Lake County, Florida criminal case. In the judgment for the 2005 case, **LAPINSKI** was adjudicated guilty for the aforementioned charges and ordered by a Judge that he could not possess firearms or ammunition.

Thereafter, the Margate Police Department sought and received a search warrant to search **LAPINSKI'S** residence at 6900 NW 10th Ct. and located numerous firearms, ammunition, and firearm parts and accessories including silencers/suppressors, in the bedroom and closet/safe where **LAPINSKI** resided, which including the following:

| ITEM # | DESCRIPTION |
|---|---|
| 1 | Glock Extended 9mm Magazine |
| 2 | 31 Hornaday 9mm Luger Rounds |
| 3 | Misc. Paperwork with Misc. Suspicious Documents |
| 4 | Black Clipboard w/Misc. Suspicious Documents |
| 5 | Black Rifle Bag |
| 6 | Black Aces Tactical Gun Case |
| 7 | (1) 10mm Hornady Casing |
| 8 | L2D Combat Stainless Steel 9mm Barrel |
| 9 | (3) Boxes of 9mm Rounds |
| 10 | (2) S&W 9mm Magazines, (1) 7 rounds, Mag (2) 8 rounds |
| 11 | Safariland Magazine Holster |
| 12 | Black Cabela's Rifle Bag |
| 13 | (2) Gun Belts |
| 14 | Container of Misc. Casings |
| 15 | (2) Magazine Covers |
| 16 | (1) 9mm Luger Round |
| 17 | (6) Plastic Crates with Misc. Ammo and Firearm Parts |
| 18 | (1) L2D Combat Stainless Steel 9mm Barrel, (1) Reduce Recoil Guide Rod |
| 19 | FRAM Oil Filter, Suspect Silencer |
| 20 | ProMag 12 Guage Drum |
| 21 | (2) 5D Rifle Lower Receivers, (1) 5D Router Jig |
| 22 | (5) Rifle Lower Receivers |
| 23 | (1) Polymer80 Handgun Lower |
| 24 | (8) Polymer80 Handgun Lowers, (2) Empty |
| 25 | (1) Wilson Combat Bag, (1) BCM Barrel S/N: 8904691 |
| 26 | (1) Gray Plate Carrier w/Plates |
| 27 | (1) 224 Valk Barrel, NO S/N Observed |

| ITEM # | DESCRIPTION |
|---|---|
| 28 | (2) Black Silencers |
| 29 | (2) 5.56 Drums, (2) 9mm Extended Mags, (4) Shotgun Mags (1) Extended, with Misc. Ammunition |
| 30 | (4) Boxes of Misc. Ammo and Shotgun Shells |
| 31 | (1) EOTech Optic, (1) Creative XP Night Vision |
| 32 | Ghillie Suit |
| 33 | (1) Black Aces Tactical FD12 Shotgun, S/N: 21BLP32170 with (1) 12 Guage Shell |
| 34 | (1) Remington 1148 Shotgun S/N: 5546529 |
| 35 | (1) Browning Sweet 16, S/N: 74314 |
| 36 | (1) Orange Bucket with (1) Target Board |
| 37 | (1) Racially Charge Drawing/Target |
| 38 | (1) Palmetto State Armory Liberty 15 Rifle S/N: ORDEATH7545, with high powered scope, laser, bi-pod, case catch |
| 39 | (1) Polymer80 Lower with Rock Slide USA slide, Holster and loaded magazine, 9mm |
| 40 | (1) Plymer80 10mm Handgun with loaded Glock magazine |
| 41 | (1) Black Bin |
| 42 | Box of EG18X Smoke Grenades |

4

Additionally, the silencers were "homemade" with one consisting of a threaded oil filter with what appeared to be a bullet hole on the end and two "solvent trap" suppressors. On November 1, 2024, the silencers were examined in person by an ATF Nexus Firearms Expert who determined that they met the criteria and characteristics of silencers/suppressors. The examination also noted that one of the silencers had markings and residue indicating that it had been fired through. Silencers are required by federal law to be registered with the National Firearms Registration and Transfer Record (NFTR). A record's check revealed that **LAPINSKI** has no registered firearms with the National Firearms Registration and Transfer Record (NFTR). The expert also confirmed that several of the firearms recovered, including the Glock pistol, Remington Shotgun, and Palmetto State Armory Rifle, were manufactured outside the State of Florida, and thus traveled in interstate commerce.

In addition to the multiple firearms, ammunition (approximately 3000 rounds), firearm accessories, body armor, smoke grenades, and spent shell casings located and seized, Detectives also located and seized a black laptop bag which was located on the defendant's bed. Inside the bag was a clipboard capable of holding documents, a laptop computer, charging cord, and folded papers. A search of the clipboard resulted in the finding of drawings that consisted of local schools, parks and other areas in the Margate/Broward county area that contained racially derogatory names such as "Operation: Boynigger," "Operation: Coral Sprinigger High School," "Operation: James Brownigger," and "Operation: Nig Lauderdale Attack 2." Also found in the clipboard was a "targets" list that included list items such as bar mitzvah halls, FF (firefighters) park Margate, Everglades synagogue, Riverside soccer field, a Jewish sub shop, a Jewish United States Representative bearing the initials "J.M.," a Jewish cemetery, other unknown Facebook targets,

5

and an entry to "stalk Jewish parks." Next to the target entries was a column labeled "Tools" and "Requirements."

<table>
<tr><td></td><td></td><td>HAYDEN P. O'BYRNE<br>UNITED STATES ATTORNEY</td></tr>
<tr><td>Date: 4/23/25</td><td>By:</td><td>MARC S. ANTON<br>ASSISTANT U. S. ATTORNEY</td></tr>
<tr><td>Date: 4/23/25</td><td>By:</td><td>HUDA AJLANI-MACRI<br>ATTORNEY FOR DEFENDANT</td></tr>
<tr><td>Date: 4/23/25</td><td>By:</td><td>JOHN KEVIN LAPINSKI JR.<br>DEFENDANT</td></tr>
</table>